By the Court.—Sedgwick, Ch. J.
The effort by defendant to show that the plaintiff had acted improperly in respect of the paper proposed as the deceased’s last will, cannot be considered on this appeal. The surrogate, with competent jurisdiction, thought it right to appoint the plaintiff to be the temporary administrator, and it became the duty of the latter to bring actions for the protection of the estate. The facts were that a large quantity of property that had belonged to the deceased and was in his possession within a short time before his death, was after his death in the possession of the defendant, and was claimed *393 by her to be her own. It does not appear that she ever explained the transaction or the manner or time of transfer to her, or made a specific statement as to her kind of title. The only opportunity that the papers show the plaintiff had of learning this, was upon an examination of the defendant by the plaintiff, to enable him to draw his complaint. On that examination, when the questions approached an inquiry as to defendant’s title, the plaintiff’s counsel objected that the order for examination confined it to the defendant’s knowledge of the property, and all outside of that was objected to. When a question was asked whether the defendant had checks from the deceased in July, the defendant’s counsel objected, whether correctly or not need not be determined, or gave notice that the question was within the rule as to communications with a deceased person. The practical effect of this was to stop a line of questions that if followed, vrould have given the defendant power to be a witness as to the transfer to her.
Or, if she had stated under oath what the transaction was, it cannot be determined as the case stands, that it would have been bad faith or mismanagement on plaintiff’s part to have disbelieved'the statement of an interested party.
The case was unusual, and it does not appear that the plaintiff could have fully performed his duty without subjecting it to the test of litigation. For these reasons, my opinion is that the order should be reversed, and the motion below denied, with $10 costs and disbursements to be taxed.